This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39145

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**JENNIFER K.,**

Respondent-Appellant,

and

**IN THE MATTER OF ALEXIS K.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
John J. Romero, Jr., District Judge**

Children Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

New Mexico Family Law PC
Amanda Ann Aragon

Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Mother appeals an adjudication of abuse and neglect, challenging the sufficiency of the evidence and asserting evidentiary error with regard to testimony from two witnesses. [DS 7, 10; MIO 9, 11] This Court issued a notice of proposed summary disposition, proposing to affirm. Mother has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**     In her memorandum in opposition, Mother does not address the evidence of neglect challenged in her docketing statement and discussed in our notice [DS 7-10; CN 3-4], focusing instead on the evidence of abuse received at trial [MIO 10-11]. With respect to that evidence, Mother asserts that it was vague and lacked reliability. [MIO 11] When assessing the sufficiency of evidence received below, however, this Court must resolve all conflicts in the evidence in favor of the order entered and affirm the district court if its findings are supported by clear and convincing evidence. *In re Termination of Parental Rights of Rueben & Elizabeth O.*, 1986-NMCA-031, ¶ 18, 104 N.M. 644, 725 P.2d 844; *see State ex rel. Dep't of Human Servs. v. Williams*, 1989-NMCA-008, ¶ 7, 108 N.M. 332, 772 P.2d 366 (stating that "[e]ven in a case involving issues that must be established by clear and convincing evidence, it is for the finder of fact, and not for reviewing courts, to weigh conflicting evidence and decide where the truth lies"). Thus, the sole question before this Court is whether the evidence offered, if accepted by the finder of fact, supported the order. *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 ("[T]he testimony of a single witness is sufficient to support a judgment."). As a result, Mother's challenge to the reliability of the evidence offered in the district court presents no basis upon which we could conclude that the evidence was insufficient to support a finding of abuse.

**{3}**     Mother's memorandum also continues to assert that the evidence at issue was inadmissible, pursuant to Rule 10-335 NMRA. [MIO 13] As noted in our calendar notice, nothing in Rule 10-335 governs the admissibility of evidence at an adjudicatory hearing. [CN 6] Further, that rule deals with diagnostic examinations or evaluation reports, and the evidence at issue in this case appears to have exclusively consisted of testimony rather than any such documents.

**{4}**     Mother's memorandum also now posits that discovery rules applicable to expert testimony conflict with the portion of Rule 10-335 that permits those documents to be provided to the parties only five days prior to an adjudicatory hearing. [MIO 14-16] None of the testimony to which Mother objects, however, involved expert opinion; instead, she objects to facts testified to by two witnesses. [MIO 6-7] We conclude that neither the

rules of evidence governing expert testimony nor procedural rules governing discovery preclude the factual testimony at issue in this appeal.

{5}     And, finally, Mother asserts that the testimony of those witnesses contained inadmissible hearsay. [MIO 11, 19] As we noted in our calendar notice, however, the testimony appears to have born sufficient indicia of reliability to be admissible. [CN 5-6] As Mother's memorandum does not address those indicia, we remain unpersuaded that the district court abused its discretion by receiving the testimony in question.

{6}     Ultimately, Mother's memorandum in opposition does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Mother has failed to do so. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the order of the district court.

{7}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**